UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

MELISSA FENDLEY,
an individual,

    Plaintiff,

vs.

CASE NO:

LA CAZUELA MEXICAN CUISINE, LLC;
TUYET STERREY, an individual,

    Defendants.
_____/

# COMPLAINT

Plaintiff, MELISSA FENDLEY ("Plaintiff") by and through the undersigned counsel, hereby files this Complaint and sues LA CAZUELA MEXICAN CUISINE, LLC, and TUYET STERREY for injunctive relief, attorney's fees and costs pursuant to 42 U.S.C. §12181 *et seq*., ("Americans with Disabilities Act" or "ADA") and alleges:

## JURISDICTION AND PARTIES

1.    This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §12181 *et seq.,* (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction under 28

1

U.S.C. Sections 1331 and 1343.

2. Venue is proper in this Court, the Northern District of Alabama pursuant to 28 U.S.C. §1391 (B) and Local Rules of the United States District Court for the Northern District of Alabama.

3. Plaintiff, MELISSA FENDLEY (hereinafter referred to as "FENDLEY") is a resident of Warrior, Alabama and is a qualified individual with a disability under the ADA. FENDLEY suffers from what constitutes a "qualified disability" under the Americans with Disabilities Act of 1990, ("ADA") and all other applicable Federal statutes and regulations to the extent that she suffers from paraplegia and requires a wheelchair for mobility. Prior to instituting the instant action, FENDLEY visited the Defendant's premises at issue in this matter numerous times, and was denied full, safe and equal access to the subject properties due to their lack of compliance with the ADA. FENDLEY continues to desire and intends to visit the Defendant's premises but continues to be denied full, safe and equal access due to the barriers to access that continue to exist.

4. The Defendant, LA CAZUELA MEXICAN CUISINE, LLC, is a domestic limited liability company registered to do business and, in fact, conducting business in the State of Alabama. Upon information and belief LA CAZUELA MEXICAN CUISINE, LLC, (hereinafter referred to as "LA CAZUELA" or jointly

as "Defendants") is the owner, lessee and/or operator of the real property and improvements that are the subject of this action, specifically: La Cazuela Mexican Restaurant, located at 2461 2nd Ave E, Oneonta, Alabama (hereinafter referred to as the "Restaurant").

5. The Defendant, TUYET STERREY, is an individual over the age of majority who resides in Oneonta.  Upon information and belief TUYET STERREY, (hereinafter referred to as "STERREY" or jointly as "Defendants") is the owner, lessee and/or operator of the real property and improvements that are the subject of this action, specifically: La Cazuela Mexican Restaurant, located at 2461 2nd Ave E, Oneonta, Alabama (hereinafter referred to as the "Restaurant").

6. All events giving rise to this lawsuit occurred in the Northern District of Alabama.

## COUNT I - VIOLATION OF THE ADA

7. On or about July 26, 1990, Congress enacted the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101 *et seq*.  Commercial enterprises were provided one and a half years from enactment of the statute to implement its requirements.  The effective date of Title III of the ADA was January 26, 1992. 42 U.S.C. §12181; 20 C.F.R. §36.508 (A).

8. Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §36.104, the Restaurant

owned and/or operated by Defendants is a place of public accommodation in that it is a restaurant, bar, or other establishment serving food or drink operated by a private entity that provides goods and services to the public.

9.      Defendants have discriminated and continue to discriminate against the Plaintiff, and others who are similarly situated, by denying access to, and full, safe and equal enjoyment of goods, services, facilities, privileges, advantages and/or accommodations at the Restaurant in derogation of 42 U.S.C §12101 *et seq*.

10.     The Plaintiff has been unable to and continues to be unable to enjoy access to, and the benefits of the services offered at the Restaurant owned and/or operated by Defendants.  Prior to the filing of this lawsuit, Plaintiff personally and regularly visited the Restaurant at issue in this lawsuit and was denied access to the benefits, accommodations and services of the Defendants' premises and therefore suffered an injury in fact as a result of the barriers to access listed in Paragraph 12, below, that she personally encountered.  In addition, Plaintiff continues to desire and intends to visit the Restaurant, but continues to be injured in that she is unable to and continues to be discriminated against due to the barriers to access that remain at the Restaurant in violation of the ADA.  FENDLEY has now and continues to have reasonable grounds for believing that she has been and will be discriminated against because of the Defendant's, deliberate and knowing violations of the ADA.

11. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA 28 C.F.R. Part 36.

12. Defendants are in violation of 42 U.S.C. §12181 *et seq.* and 28 C.F.R. §36.302 *et seq.* and is discriminating against the Plaintiff as a result of *inter alia*, the following specific violations that Plaintiff personally encountered:

   i. The accessible parking spaces and access aisle have cross slopes that are excessively steep for a wheelchair user.

   ii. No van accessible parking space is designated with raised signage.

   iii. The entry ramp has no accessible handrails. The existing handrails have a square cross section and have no returns or extensions as required by the ADA.

   iv. There is no lowered section at the bar and no accessible seating positions are provided at the bar.

   v. There is knob-type hardware on the toilet room foyer entry door that requires tight grasping and twisting of the wrist to operate.

   vi. There is insufficient clear floor space to exit the toilet room foyer or to enter either toilet room due to a lack of wheelchair maneuvering clearances at the toilet room foyer and toilet room entry doors.

   vii. There is no accessible signage for either toilet room.

   viii. There is knob-type hardware on both toilet room entry doors that requires tight grasping and twisting of the wrist to operate.

    ix.    There is insufficient clear floor space for a wheelchair user to enter or exit either toilet room independently.

    x.    The toilet room lavatories are in a base cabinet with no knee or toe clearance such that a wheelchair user cannot use the lavatories in either toilet room.

    xi.    The toilet room mirrors, soap and paper towel dispensers are mounted too high for a wheelchair user in both toilet rooms.

    xii.    There is insufficient clear floor space for a wheelchair user to make a side transfer onto the water closet in Men's toilet room due to a wall mounted urinal, as well as in the Women's toilet room, due to a lavatory.

    xiii.    Defendants have a policy and practice of failing to maintain accessible features of the subject property.

13. There are other current barriers to access and violations of the ADA at the Restaurant owned and/or operated by Defendants that were not specifically identified herein as the Plaintiff is not required to engage in a futile gesture pursuant to 28 C.F.R. Part 36, §36.501 and, as such, only once a full inspection is performed by Plaintiff or Plaintiff's representatives can all said violations be identified.

14. To date, the barriers to access and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

15. Pursuant to the ADA, 42 U.S.C. §12101 *et seq.* and 28 C.F.R. §36.304, Defendants was required to make its Restaurant, a place of public accommodation,

accessible to persons with disabilities by January 28, 1992. To date, Defendants has failed to comply with this mandate.

15. Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have her reasonable attorney's fees, costs and expenses paid by Defendant pursuant to 42 U.S.C. §12205.

16. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff injunctive relief, including an Order to alter the subject facilities to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and closing the subject facilities until the requisite modifications are completed.

WHEREFORE, the Plaintiff demands judgment against Defendants and requests the following injunctive and declaratory relief:

    A. That the Court declare that the property owned and administered by Defendants are violative of the ADA;

    B. That the Court enter an Order directing Defendants to alter their facilities to make them accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

    C. That the Court enter an Order directing Defendants to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow them to undertake and complete corrective procedures;

D. That the Court enter an Order, pursuant to 28 CFR §36.211, directing Defendants to fulfill their continuing duty to maintain and repair accessible features and equipment in the future so that the subject property remains accessible to and usable by individuals with disabilities in the future, to the full extent required by Title III of the ADA;

E. That the Court enter an Order directing Defendants to implement and carry out effective policies, practices, and procedures to maintain and repair their accessible features and equipment in the future pursuant to 28 C.F.R. § 36.302 and 28 C.F.R. § 36.211;

F. That the Court award reasonable attorney's fees, costs (including expert fees) and other expenses of suit, to the Plaintiff; and

G. That the Court award such other and further relief as it deems necessary, just and proper.

Dated this 6th day of October, 2022.

Respectfully submitted,

By: __/s/ Edward I. Zwilling__
Edward I. Zwilling, Esq.
AL State Bar No.: ASB-1564-L54E

**OF COUNSEL:**

Law Office of Edward I. Zwilling, LLC
4000 Eagle Point Corporate Dr.
Birmingham, Alabama 35242
Telephone: (205) 822-2701
Email: edwardzwilling@zwillinglaw.com